## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2020, 9:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Kimberly A. Jackson | Curtis T. Hill, Jr. |
| Indianapolis, Indiana | Attorney General of Indiana |
| | |
| | Sierra A. Murray |
| | Deputy Attorney General |
| | |
| | Alexis G. Sizemore |
| | Certified Legal Intern |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| James Darren Pearman, | July 27, 2020 |
| *Appellant-Defendant*, | Court of Appeals Case No. 20A-CR-39 |
| v. | Appeal from the Vermillion Circuit Court |
| State of Indiana, | The Honorable Jill Wesch, Judge |
| *Appellee-Plaintiff*. | Trial Court Cause Nos. 83C01-1811-F6-171 83C01-1908-F6-139 |

**Brown, Judge.**

[1] James Darren Pearman appeals his aggregate sentence for theft and two counts of possession of methamphetamine as level 6 felonies. We affirm.

*Facts and Procedural History*

[2] On November 13, 2018, Pearman knowingly or intentionally possessed pure or adulterated methamphetamine. That same day, he committed theft of a TC-70 handheld scanner worth at least $750 from Walmart. On November 15, 2018, the State charged Pearman under cause number 83C01-1811-F6-171 ("Cause No. 171") with possession of methamphetamine and theft as level 6 felonies, possession of marijuana as a class B misdemeanor, and possession of paraphernalia as a class C misdemeanor. The State also alleged that he was an habitual offender.

[3] On August 22, 2019, while on bond with respect to the charges under Cause No. 171, Pearman knowingly possessed methamphetamine. On August 23, 2019, the State charged Pearman under cause number 83C01-1908-F6-139 ("Cause No. 139") with possession of methamphetamine as a level 6 felony and operating a motor vehicle while driving privileges are suspended as a class A misdemeanor.

[4] On November 6, 2019, Pearman and the State entered into a plea agreement pursuant to which Pearman agreed to plead guilty to possession of methamphetamine and theft as level 6 felonies under Cause No. 171 and possession of methamphetamine as a level 6 felony under Cause No. 139, and

the State agreed to dismiss the other charges and allegation that he was an habitual offender.

[5] At a hearing on December 3, 2019, the trial court accepted the plea agreement. Pearman testified that he had a drug addiction for about twenty years. When asked about the sort of prior treatment he had for drug addiction, he answered: "Hamilton Center, AA classes, NA classes. I just done the MRT program." Transcript Volume II at 68. He indicated that he started the MRT program after he was incarcerated and had just completed it. When asked if there was some concern about his release given his addiction, he answered: "I'm not concerned. I'm done with it." *Id.* at 71. When asked if he could use help upon being released from jail, he answered: "Well, yes. I could use some help, yes. A sponsor." *Id.* Defense counsel introduced and the court admitted a letter from the Resident Coordinator of Salvaged Lives Life Center indicating that there was a bed available for Pearman. Pearman indicated he might be able to do home detention.

[6] Pearman's wife stated that she did not post the bond for him in part because she wanted him to "dry out" and "get the drugs out of his system." *Id.* at 75. She testified that she observed a positive change in Pearman since he had been in jail. She stated that "home detention would not be an option" and she thought participating in the Salvaged Lives Life Center would "be the best." *Id.* at 76.

[7] The court found Pearman's completion of the MRT program during his incarceration and his guilty plea to be mitigating factors. It found his criminal

history to be an aggravating circumstance, stating, "Mr. Pearman, the reason the Court is sentencing you to the Department of Corrections, your aggravating circumstance is your criminal history. It's quite lengthy. Four felonies, 12 prior misdemeanors and these two felonies. One was committed while you were out on bond for the other." *Id.* at 81.

[8] In Cause No. 171, the trial court sentenced Pearman to concurrent terms of two and one-half years each for possession of methamphetamine and theft. In Cause No. 139, it sentenced Pearman to one and one-half years for possession of methamphetamine and ordered that he serve the sentence consecutively to the sentence imposed under Cause No. 171. In both cases, the court recommended Recovery While Incarcerated and noted it would consider a modification of the sentence upon successful completion of the clinically appropriate substance abuse treatment program as determined by the Department of Correction.

## *Discussion*

[9] The issue is whether Pearman's sentence is inappropriate in light of the nature of the offenses and his character. Pearman argues that his sentence is inappropriate because his offenses were the product of his long-term addiction for which he had never received intensive treatment and he has demonstrated his commitment to future sobriety since being incarcerated.

[10] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the

sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11] Ind. Code § 35-50-2-7(b) provides that a person who commits a level 6 felony shall be imprisoned for a fixed term between six months and two and one-half years, with the advisory sentence being one year.

[12] Our review of the nature of the offenses reveals that Pearman knowingly or intentionally possessed pure or adulterated methamphetamine and committed theft of a TC-70 handheld scanner worth at least $750 from Walmart. While on bond for these offenses, he knowingly possessed methamphetamine.

[13] Our review of the character of the offender reveals that Pearman pled guilty to theft and two counts of possession of methamphetamine as level 6 felonies and the State agreed to dismiss charges of possession of marijuana as a class B misdemeanor, possession of paraphernalia as a class C misdemeanor, and operating a motor vehicle while driving privileges are suspended as a class A misdemeanor, as well as the allegation that Pearman was an habitual offender. Pearman testified at the guilty plea hearing that he has had a drug addiction problem for about twenty years and, prior to his arrest, he used methamphetamine daily. He also testified that he previously received addiction treatment through the Hamilton Center as a condition of probation and attended AA and NA classes. While incarcerated, he completed the MRT

program and continued to attend classes after graduating. When asked about his concern regarding his drug addiction after release, Pearman stated "I'm not concerned. I'm done with it." Transcript 70-71.

[14] As a juvenile, Pearman had adjudications for criminal mischief, conversion, and possession of marijuana. As an adult, Pearman has been convicted of four felonies and twelve misdemeanors. His convictions include sexual misconduct with a minor, theft, retail theft, domestic battery, operating a vehicle with a BAC of .08 or more, battery resulting in bodily injury, resisting law enforcement, possession of paraphernalia, and possession of marijuana. He has violated terms of his probation three times and has been unsatisfactorily discharged from probation three times.

[15] After due consideration, we conclude that Pearman has not sustained his burden of establishing that his aggregate sentence of four years is inappropriate in light of the nature of the offenses and his character.

[16] For the foregoing reasons, we affirm Pearman's sentence.

[17] Affirmed.

Robb, J., and Crone, J., concur.